UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSE APOLLO, SR.,

    *Plaintiff*,

v.

MPD, DISTRICT OF COLUMBIA, *et al.*,

    *Defendants*.

No. 22-cv-3343 (DLF)

**ORDER**

Before the Court is the defendants' Motion to Dismiss, which was filed on December 19, 2022. Dkt. 46.

On December 20, 2022, the Court warned the *pro se* plaintiff, pursuant to *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), of the consequences of failing to respond to a dispositive motion. Specifically, the Court warned the plaintiff that failure to respond to the defendants' motion to dismiss "may result in the district court granting the motion and dismissing the case." *Fox* Order at 1, Dkt. 47 (quoting *Fox*, 837 F.2d at 509). The Court also directed the plaintiff to Local Civil Rule 7(b), which states that if the plaintiff's response "is not filed within the prescribed time, the court may treat the motion as conceded." *Id.* Accordingly, the Court ordered the plaintiff to file a brief in opposition to the defendant's Motion to Dismiss on or before January 18, 2023. *Id.* at 2.

The defendant did not file any opposition brief. On February 2, 2023, the Court reminded the plaintiff of the consequences of failing to respond pursuant to *Fox v. Strickland*. *See* Order at 2–3, Dkt. 54. The Court ordered the plaintiff to show cause, on or before March 2, 2023, "why

1

the case should not be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 83.23 of the Local Rules." *Id.* at 3.  The Court warned the plaintiff that "fail[ure] to respond on or before March 2, 2023, or [to] provide good cause for his failure to do so" would result in the Court "dismiss[ing] his cause for failure to prosecute." *Id.*

As of today, March 13, 2023, the public docket reflects that the plaintiff still has not filed any response to the defendants' motion to dismiss or the Court's show cause order.  Accordingly, it is

**ORDERED** that this case is dismissed without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and Local Civil Rule 82.23.  This is a final appealable order.[1]

The Clerk of Court is directed to close this case.

**SO ORDERED.**

_____
DABNEY L. FRIEDRICH
United States District Judge

March 13, 2023

---

[1] On December 16, 2023, the plaintiff filed a Notice of Interlocutory Appeal of the Court's December 5, 2022 Order dismissing the United States Army as a defendant due to insufficient service of process.  As the Court previously explained, that interlocutory order was not appealable, and "a notice of appeal from an unappealable order does not divest the district court of jurisdiction" to proceed with the case.  Order at 1, Dkt. 54 (quoting *McKesson HBOC, Inc. v. Islamic Republic of Iran*, 315 F. Supp. 2d 63, 66 (D.D.C. 2004)).  Because this Order now disposes with all claims against all defendants, it constitutes a final appealable order.